UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-85-JMH

AMIRALI RABIEI VAZIRI                                                         PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

CENTRAL INTELLIGENCE AGENCY
and NATIONAL SECURITY AGENCY                           DEFENDANTS

***** ***** *****

Amirali Rabiei Vaziri, ("Vaziri"), who is a 31-year-old resident of Lexington, Kentucky, has filed a civil rights Complaint and a Motion to Proceed *in forma pauperis*. The Motion has been granted by separate Order.

The Court proceeds to screen the Complaint under 28 U.S.C. § 1915, which requires the Court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.* at § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993). However, for the reasons set forth below, the instant Complaint will be dismissed.

**ALLEGATIONS AND CLAIMS**

Plaintiff alleges that in mid-2007, when he was living in Ft. Lauderdale, Florida, he became aware that he was being watched and followed. His car was vandalized. He "also realized my computer was being monitored and my private e-mails were being breached (interference with private contract)." R. 1 at 1.

After moving back to Lexington, Kentucky, in February of 2008, the Plaintiff was invited to play indoor soccer by a friend named Mathew Michael. As he promised, Michael provided an inhaler for Plaintiff's use at the first game later that month. Variri contends that "when I used it I immediately tasted an unmistakebly [sic] potent metallic taste that I have never tasted in my fifteen years of using inhalers." He also alleges that his "friends began to call me a terrorist and "hurled racial remarks at me" without provocation.

The Plaintiff lists the physical symptoms he has suffered since using that inhaler, including, *inter alia*, weight gain, rapid heart beat, tingling, sweating, and abdominal and "skeletal pain." Varisi also claims that since that time he has unsuccessfully sought medical help, including flying "overseas for alternative medical opinions." Plaintiff's theory is summed up as follows:

> . . . Due to the technological sophistication and racial remarks I suspect the CIA and/or the NSA are the culprits behind these incidents. I believe they targeted me and have continued to attack me because I am from the middle-east and while in the privacy of my residence I have voiced opposition to their inhumane war of aggression & revenge against an innocent country.

R. 1 at 3. Therefore, Plaintiff Vasiri has named the CIA and NSA as Defendants.

In this lawsuit, the Plaintiff asserts the following claims: "invasion of privacy, harrasment [sic], stalking, intimidation with intent to cause emotional distress, assault & battery with a deadly weapon by a federal investigatory official, and torture." As to the relief requested, he states only that he wants information on the contaminant so that he can be "permanently de-contaminated."

**DISCUSSION**

This action will proceed no further for a number of reasons. Most importantly, the Plaintiff has named two United States agencies as the only Defendants. To the extent that the Plaintiff seeks damages, he is advised that the United States and its agencies are immune from suit under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *FDIC v. Meyer*, 510 U.S. 471, 475-86 (1994); *Salt Lick Bancorp v. F.D.I.C.*, 187 Fed.Appx. 428, 435 (6th Cir. 2006). Therefore, the Court does not have subject matter jurisdiction over the Plaintiff's constitutional tort or civil rights claims against the Central Intelligence Agency and the National Security Agency.

The only name the Plaintiff mentions in his Complaint is someone named Mathew Michael, whom he describes as a "friend." He does not put Michael's name in the same place in which he lists the CIA and the NSA as the Defendants. Vasiri does not even seem to blame Michael. Perhaps he meant to do so and failed to do so for some reason, but perhaps he meant that the CIA or NSA interfered with the inhaler unbeknownst to Michael.

Even had the Plaintiff identified Michael as a Defendant, however, he has still not shown how his friend's actions deprived him of any federal rights. The claims which he lists are common State offenses or torts, not federally based claims. The trial court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as § 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987).

However, with no the federal claims against the defendants, the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994). Therefore, because the Plaintiff has failed to state a federal claim, the Court will dismiss Vasiri's Complaint, the dismissal to be without prejudice to his filing

the state claims in State court.

However, the Court is not encouraging Plaintiff to do so, as he has waited too long to bring the instant cause of action in either court. To the extent that Plaintiff stated claims under either federal or State law, the claims must be filed within the same time frame. In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140. The state statute of limitations for personal injuries also governs claims under the federal constitution and 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)).

The Plaintiff's allegations describe injuries purportedly inflicted in 2007 and 2008. Yet he did not file this lawsuit much more than one-year later, on March 9, 2010. Therefore, the instant cause of action would also require dismissal based on its being filed outside the statute of limitations.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 19th day of April, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge